UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIRKWOOD ASSOCIATION,<br><br>                Plaintiff,<br><br>    v.<br><br>STATE FARM FIRE & CASUALTY COMPANY, et al.,<br><br>                Defendants. | CASE NO. C18-1231JLR<br><br>ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

Before the court is Plaintiff Kirkwood Association's ("Kirkwood") complaint. (Compl. (Dkt # 1).) Kirkwood alleges that the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00. (*Id.* ¶ 3.1.) The court, however, finds Kirkwood's factual allegation to be insufficient for the court to assess the existence of diversity jurisdiction in this matter. Accordingly, the court orders Kirkwood to file a submission that provides information establishing a basis for the court's exercise of diversity jurisdiction. The court

further orders Kirkwood to file its submission no later than fourteen (14) days of the date of this order.

Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Federal diversity jurisdiction requires complete diversity of citizenship between the parties, where each of the plaintiffs is a citizen of a different state than each of the defendants. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants.").

A corporation's domicile is both the state in which it is incorporated and the location of its principal place of business. 28 U.S.C. § 1332(c)(1). Kirkwood, however, does not allege the principal place of business of Defendant State Farm Casualty and Insurance Company ("State Farm"). (*See* Compl. ¶ 2.2 (alleging only State Farm's state of incorporation and not its principal place of business).) Thus, it is impossible for the court to assess whether complete diversity of citizenship exists between all plaintiffs and all defendants in this matter.

For the foregoing reasons, the court ORDERS Kirkwood to show cause why the court should not dismiss without prejudice the present action for lack of subject matter jurisdiction. Kirkwood must file its response within fourteen (14) days of the date of this order, and its response must include support for the court's exercise of subject matter

jurisdiction over this action.  If Kirkwood fails to file a response or otherwise fails to demonstrate that the court has subject matter jurisdiction, the court will dismiss its complaint without prejudice.

Dated this 26th day of September, 2018.

JAMES L. ROBART
United States District Judge